**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISINDA KETTERER,

       Plaintiff,

v.

       Case No. 06-11773
       Hon. Gerald E. Rosen
       Magistrate Judge Steven D. Pepe

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ADOPTING
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 25, 2007

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

On March 30, 2007, Magistrate Judge Steven D. Pepe issued a Report and

Recommendation ("R & R") recommending that the Court grant in part Plaintiff

Chrisinda Ketterer's motion for summary judgment, deny the Defendant Commissioner of

Social Security's motion for summary judgment, and remand this case for further

administrative proceedings. Defendant filed objections to the R & R on April 24, 2007.

The Court has now reviewed the parties' motions, the R & R, Defendant's objections, and

the remainder of the materials in the record. For the reasons discussed briefly below, the

Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its

entirety, as supplemented by the rulings below.

Defendant has advanced a single objection to the R & R. In particular, Defendant contends that the Magistrate Judge reached a conclusion contrary to Sixth Circuit precedent in stating that a hypothetical question posed by an Administrative Law Judge ("ALJ") to a vocational expert may not omit "impairments found by the ALJ to be severe." (R & R at 15.) Defendant contends that the Sixth Circuit has ruled to the contrary in <u>Griffeth v. Commissioner of Social Security</u>, 217 F. App'x 425, 2007 WL 444808 (6th Cir. Feb. 9, 2007), and that a court in this District reached a similar conclusion in <u>Yang v. Commissioner of Social Security</u>, No. 00-10446, 2004 WL 1765480 (E.D. Mich. July 14, 2004). Specifically, Defendant points to the statements in <u>Griffeth</u>, quoted from <u>Yang</u>, that "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work," and that "[o]ne does not necessarily establish the other." <u>Griffeth</u>, 217 F. App'x at 429, 2007 WL 444808, at *4 (quoting <u>Yang</u>, 2004 WL 1765480, at *5).

Yet, regardless of the weight the Court might be inclined to give to the unpublished decisions in <u>Griffeth</u> and <u>Yang</u>, and regardless of whether the above-quoted observations in those cases can be squared with the definition of a "severe" impairment as an "impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), the Court readily concludes that <u>Griffeth</u> and <u>Yang</u> are distinguishable here. In <u>Griffeth</u>, 217 F. App'x at 429, 2007 WL 444808, at *4-*5, the court held that an ALJ's finding that a claimant

2

suffered from the "severe" impairment of depression was not inconsistent with the ALJ's subsequent determination, as reflected in hypothetical questioning of a vocational expert, that the claimant's depression had "little effect on his ability to perform basic work activities," where the ALJ had identified sufficient grounds for discounting the claimant's subjective complaints and deeming him not fully credible as to his asserted inability to work due to depression. Similarly, in Yang, 2004 WL 1765480, at *5, while the ALJ found that the claimant's carpal tunnel syndrome was a "severe" impairment, the court nonetheless found that the ALJ need not have incorporated any resulting restrictions into the determination of the claimant's residual functional capacity, where the evidence in the record of successful procedures performed on the claimant to address this condition "justif[ied] the conclusion that no significant limitation resulted from that impairment as far as performing light work is concerned."

All that these cases establish, then, is that an ALJ **need not** invariably incorporate each and every "severe" impairment into a determination of a claimant's residual functional capacity and the hypothetical questioning of a vocational expert, so long as the ALJ's omissions are justified by permissible credibility determinations, objective medical evidence and findings, or some other form of substantial evidence. In the present objections to the R & R, Defendant suggests that such grounds for the omission of Plaintiff's carpal tunnel syndrome exist here, where, as noted in the R & R, Plaintiff "did not list carpal tunnel syndrome on the list of impairments in her disability application and rarely if ever complained of carpal tunnel related symptoms to her doctors, her doctors

3

did not prescribe carpal tunnel related restrictions and the state agency physicians did not find her carpal tunnel syndrome to be severe." (R & R at 15-16.) Yet, while the ALJ might well have been permitted under this record to discount Plaintiff's testimony that she would be unable to perform her past work as a plastics fabricator because of all the "hand work" it required, (see Admin. Record at 261), the fact remains that the ALJ *did not* make such an adverse credibility determination among his lengthy and detailed findings as to the veracity of Plaintiff's subjective complaints of limitations, (see id. at 18).

As explained by the Magistrate Judge, "this Court is not at liberty to . . . rewrite [the ALJ's] decision, despite the fact that the record may support a contrary finding." (R & R at 16.) Because the ALJ found Plaintiff's carpal tunnel syndrome to be a severe impairment, and because Plaintiff's testimony regarding the limitations resulting from this condition went unchallenged in the ALJ's credibility assessment, the ALJ was obliged to reflect the limitations attributable to Plaintiff's carpal tunnel syndrome in his determination of Plaintiff's residual functional capacity and his questioning of the vocational expert. The ALJ's failure to do so warrants a remand for further proceedings as recommended by the Magistrate Judge.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's March 30, 2007 Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that Plaintiff's

4

motion for summary judgment is GRANTED IN PART, and that Defendant's motion for summary judgment is DENIED.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: September 25, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager